**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALLAH BURMAN, #97337-079 *
Plaintiff,
v. * CIVIL ACTION NO. RWT-05-2054

BENSON EVERETT LEGG *
CHRISTOPHER ROMANO
JANE ERISMAN *
LISA M. TURNER
THOMAS M. DIBIAGIO *
JOSHSA WEBSTER
MATTHEW MCCORMACK *
FRANCIS POMMETT III
DEBORA A. DAVENPORT *
HEATHER TRANT
WILLIAM K. SUTER *
RANDOLPH O. GREGORY
Defendants. *
******

**MEMORANDUM OPINION**

This 42 U.S.C. § 1983 civil rights complaint was received for filing on July 27, 2005. Plaintiff, who is currently confined at the Federal Correctional Institution in El Reno, Oklahoma, seeks various damages, an immediate hearing, or his "release from confinement on his false imprisonment and false arrest...." (Paper No. 1).

Plaintiff makes claims of a general conspiracy among a federal district court judge, federal prosecutors, federal agents, private attorneys, and clerks for the United States Court of Appeals for the Fourth Circuit and the U.S. Supreme Court. Plaintiff asserts that this conspiracy involved: (i) his unlawful arrest and seizure of his personal and private property, based upon false and perjured testimony and

without probable cause to believe that Plaintiff had committed acts which led to the indictment; (ii) the use of false and perjured testimony to contrive a wrongful conviction and an illegal sentence;[1] (iii) the erroneous denial of his motion to dismiss the indictment; (iv) the refusal of defense counsel to file a criminal complaint against a federal prosecutor and her "conspirators;" (v) the failure of defense counsel to present proper argument at Plaintiff's sentencing hearing; (vi) the refusal of a circuit court clerk to dismiss court-appointed appellate counsel and to file Plaintiff's motions; and (vii) the failure of Supreme Court clerks to properly process his petition for writ of mandamus by requiring the United States Solicitor General to file a response. (Paper No. 1 at 3-5). Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. His Complaint, however, shall be dismissed without prejudice for reasons to follow.

Plaintiff complains that his Fourth, Fifth, and Sixth Amendment rights were violated. His allegations relate to his indictment, arrest, conviction, and appeal in the criminal case of Burman v. United States, Criminal No. L-01-0115 (D. Md. 2001). Examination of the criminal court docket shows that subsequent to the declaration of a mistrial on June 12, 2002 and Chief Judge Legg's denials of Plaintiff's motions to dismiss the indictment on grounds of false or perjured testimony, Plaintiff was retried in January of 2003. He was convicted of conspiracy to distribute and possess with intent to distribute narcotics and possession with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841(a) and 846. Id. On January 5, 2003,

[1] Attached to the Complaint are: (i) extracts from a transcript which contain alleged "false and perjured testimony;" (ii) the affidavit for a search and seizure warrant; (iii) a copy of Plaintiff's motion to dismiss appellate counsel; (iv) Plaintiff's appellate issues not raised by counsel; (v) correspondence and orders from the Clerk's Office for the Fourth Circuit and Supreme Court . (Paper No. 1 at Attachments A-F).

criminal judgment was entered and Plaintiff was sentenced to concurrent 360-month terms, concurrent periods of supervised release, and ordered to pay a $200.00 special assessment. See Burman v. United States, Criminal No. L-01-0115 (D. Md. 2001), at Paper No. 354. Plaintiff's appeal remains pending in the Fourth Circuit.

Assuming, without deciding, that Defendants are subject to civil rights damage liability, to the extent that Plaintiff is seeking compensation for alleged Fourth, Fifth, and Sixth Amendment violations related to his federal indictment, arrest, convictions, and appeal, the case shall be summarily dismissed without prejudice. Plaintiff's complaint for damages is not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994); see also Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004).

The plaintiff in Heck, an Indiana state prisoner, sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

Heck, 512 U.S. at 486-7.

In this case, it is clear that a decision with regard to Plaintiff's challenges necessarily implies the invalidity of his federal drug conspiracy, possession, and distribution convictions and would bar Plaintiff's Complaint under Heck. See Young v. Nickols, 413 F.3d 416, 418-19 (4th Cir. 2005). Again, he cannot demonstrate that his criminal convictions have been dismissed or otherwise invalidated. Therefore, his claim for damages may not proceed.[2]

A separate Order follows.

Date: 8/15/05

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

[2] In addition to his damage relief request, Plaintiff apparently seeks to vacate his convictions. Such relief may be sought pursuant to 28 U.S.C. § 2255. Again, Plaintiff's appeal remains pending with the Fourth Circuit. The undersigned, however, offers no opinion as to whether this Court has jurisdiction to hear a § 2255 motion filed while an appeal is pending. See Bowen v. Johnston, 306 U.S. 19, 26-27 (1939).